Order, Supreme Court, New York County (Saralee Evans, J.), entered May 23, 2008, which granted defendant husband’s motion for a joint trial of his postjudgment matrimonial action and his action against defendant Anson McCook Beard, Jr., unanimously affirmed, without costs.
In the postjudgment matrimonial action, the husband alleges that, while, in accordance with the stipulation that amended their divorce agreement, he was reimbursing the wife $15,000 per month for the rental of an apartment from her “friend,” the wife was not paying any rent to the “friend,” who the husband learned was the wife’s former boyfriend, defendant Beard. In the action against Beard, the husband alleges fraud and aiding and abetting fraud. Patently, the two actions involve common questions of law and fact (CPLR 602 [a]); a joint trial will avoid unnecessary duplication of proceedings, save unnecessary costs, and prevent the injustice that would arise from divergent decisions based on the same facts (see Phoenix Garden Rest. v Chu, 202 AD2d 180 [1994]).
Beard failed to demonstrate that a joint trial will unduly prejudice a substantial right because the matrimonial action is to be tried by the court, while the fraud action is to be tried by a jury (see Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [2005]). So long as the fraud action is decided first, the jury will not be unduly influenced by any decision made by the court in the matrimonial action. Furthermore, to the extent that evidence is offered in the matrimonial action that is relevant to that action only, the court can reserve to itself those issues, and the jury need not hear evidence that does not bear on the issues in the fraud action. The potential impracticality and unwieldiness identified by Beard can be prevented by the court’s instructions to the jury (see Hopper v Regional Scaffolding & Hoisting Co., 272 AD2d 242 [2000]). *401 Concur—Mazzarelli, J.P., Friedman, Nardelli, Buckley and Freedman, JJ.